IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN EICHELBERGER AND<br>KELLY EICHELBERGER,<br>　　　PLAINTIFFS,<br><br>V.<br><br>WELLS FARGO BANK, N.A.,<br>AND SELECT PORTFOLIO<br>SERVICING, INC.,<br>　　　DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:20-CV-3746-S-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Plaintiffs, proceeding *pro se*, filed suit in state court seeking an injunction to prevent foreclosure on their home. Doc. 1-4 at 2. Defendants removed the case to this Court based on diversity jurisdiction, Doc. 1 at 3-5. The Court now considers *Defendants' Motion for Judgment on the Pleadings*. Doc. 6. Upon review, the motion should be **GRANTED**.

### I.    APPLICABLE LAW

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). "After the pleadings are closed—but within such time as not to delay the trial—any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

The standard for deciding a motion under Rule 12(c) is the same standard for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 n. 8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (footnote and internal quotation marks omitted)). A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). To survive a motion to dismiss, [a party's] factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

## II.   ANALYSIS

Defendants argue that Plaintiffs' only claim is their request for injunctive relief, and because they failed to state a viable underlying claim, their complaint should be dismissed. Doc. 7 at 5. Plaintiffs respond that they also raised a claim under the Real Estate Settlement Procedures Act ("RESPA"); thus, their complaint is sufficient to withstand Defendants' motion to dismiss. Doc. 8 at 3.

**A. RESPA Claim**

In their original complaint, Plaintiffs suggest that Defendants did not present proper retention options or loss mitigation reviews as required under RESPA before initiating foreclosure. Doc. 1-6 at 5. In their response to Defendants' motion, however, Plaintiffs rely on a different provision of RESPA and allege Defendants did not properly respond to their request for mortgage assistance. Doc. 8 at 2-3. In either event, such claims are governed by Section 2605(e) of RESPA and, as Defendants correctly argue, Plaintiffs have failed to state a claim for relief. Doc. 7 at 6-7; Doc. 11 at 2.

Either RESPA claim Plaintiffs advance must start with a "qualified written request." *See* 12 U.S.C.A. § 2605(e)(1)-(3). Such a request must be made in writing, enable the loan servicer to identify the name and account of the borrower, and include a statement that the account is either in error or set out the other information sought by the borrower. 12 U.S.C.A. § 2605(e)(1)(B); *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d. 747, 768 (N.D. Texas March 29, 2012) (Lynn, J.). Moreover, to state a viable claim under Section 2605(e), a plaintiff must plead (1) his correspondence met the requirements of a "qualified written request," (2) that defendant failed to timely respond to the request, and (3) that the failure caused plaintiff damages. *Williams v. Wells Fargo Bank*, 560 Fed. Appx. 233, 241 (5th Cir. 2014).

Here, Defendants contend that Plaintiffs failed to allege that they sent a qualified written request to the loan servicer, Defendant Select Portfolio Servicing. Doc. 7 at 7; Doc. 11 at 2. A review of the complaint substantiates Defendants' argument—nowhere do Plaintiffs allege they ever sent a qualified written request or any correspondence that substantially qualifies as such. Their claim therefore fails and should be dismissed.

## B. Request for Injunction

Plaintiffs also seek injunctive relief to halt the foreclosure of their home. Doc. 1-6 at 5. Injunctive relief is an "equitable remedy, not an independent cause of action." *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012) (Godbey, J.) (citation omitted). A request for injunctive relief cannot survive without an underlying cause of action. *Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 343 n. 15 (5th Cir. 2012). If a court dismisses all underlying substantiative claims in a suit, any requests for injunctive relief necessarily fail. *Id.* at 343. As discussed *supra*, Plaintiffs' RESPA claim should be dismissed. As there are no other pending claims, Plaintiffs' request for injunctive relief should also be dismissed.

## C. Leave to Amend

"As a general rule, a court should not dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, the court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009). Here, it is unclear if Plaintiffs can allege facts establishing that they made a qualified written request under RESPA (or any plausible facts from which the same can reasonably be inferred). Although Defendants have moved for dismissal under Rule 12(c), ostensibly to overcome the bar to a post-answer Rule 12(b)(6) motion, this case is in its relative infancy. Thus, Plaintiffs should be given the opportunity to cure the defect in their RESPA claim, if possible. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires).

4

### III. CONCLUSION

*Defendants' Motion for Judgment on the Pleadings*, Doc. 6, should be **GRANTED**. Plaintiffs' claims should be **DISMISSED WITHOUT PREJUDICE** to Plaintiffs filing an amended complaint. But, if within 14 days of the District Judge's order accepting this recommendation, Plaintiffs fail to amend their complaint to cure the deficiencies noted herein, at the re-urging of Defendants, this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 14, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).